CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 17 2019

JULIA C. DUDLEY, CLERK
BY: /s/ DSeople
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| CHARLES WIMER, | ) | |
| | ) | Civil Action No. 3:19CV0001 |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | By: Hon. Glen E. Conrad |
| SUSAN WHITLOCK, et al., | ) | Senior United States District Judge |
| | ) | |
| Defendants. | ) | |

Charles Wimer, proceeding pro se, commenced this action by filing a form complaint and a motion for injunctive relief against the General District Court of Culpeper County, the Circuit Court of Culpeper County, the Court of Appeals of Virginia, and three individual defendants, Susan Whitlock, Dale Durrer, and Cynthia McCoy. The plaintiff has not paid the filing fee but will be granted leave to proceed in forma pauperis for purposes of initial review of his complaint. For the following reasons, the court concludes that the case must be dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii).

## Background

The following facts are taken from the complaint, the accompanying motion for injunctive relief, and public records of state court proceedings related to the case. See Philips v. Pitt Cty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (noting that courts "may properly take judicial notice of matters of public record" when reviewing a complaint).

According to the written submissions, Wimer has a learning disability that affects his ability to read and write. In December of 2016, Wimer was cited in Culpeper County for failing to have his vehicle inspected and for driving without a seatbelt. He received two summonses to

appear in General District Court on the alleged traffic violations. Wimer immediately went to the courthouse and requested accommodations under the Americans with Disabilities Act ("ADA"). Wimer alleges that former General District Court Judge Dale Durrer denied his request based on "outdated" ADA policies and standards. Mot. for Inj. Relief 1, Dkt. No. 2-1. Wimer was ultimately convicted of both traffic offenses.

Wimer appealed to the Circuit Court of Culpeper County, where he appeared before Judge Susan Whitlock. Wimer claims that Judge Whitlock responded in a defensive and aggressive manner when he inquired about accommodations under the ADA, and that she "refuse[d] to comply" with the statute. Id. at 2. Wimer proceeded to trial in April of 2018, at which time he was found guilty of both traffic offenses.

When Wimer returned to the Circuit Court to file an appeal to the Court of Appeals of Virginia, an employee named Tom Buckley assisted him in completing the necessary forms. Wimer then spoke to an individual with the last name of Shelton at the Court of Appeals. Shelton suggested that Wimer contact Renee Fleming Mills, who serves as the ADA "coordinator" for the state judicial system. Id. However, Wimer declined to do so since that was "not [Wimer's] job." Id. Records from the Court of Appeals of Virginia indicate that Wimer's appeal was dismissed on October 11, 2018.

On January 7, 2019, Wimer filed the instant action against Judge Whitlock; Judge Durrer; Cynthia McCoy, the Clerk of the Court of Appeals; and all three state courts. In his form complaint, Wimer indicates that the action is brought under the ADA. Wimer directs the court to "see [the] attached" document in response to being asked to state what relief he is seeking. Compl. 5, Dkt. No. 2. In the attached "motion for injunctive relief," Wimer indicates that Tom

Buckley can confirm that the Circuit Court does not have a policy regarding reading and writing accommodations, and that it has failed to comply with the ADA. Mot. for Inj. Relief 3.

## Standard of Review

Under 28 U.S.C. § 1915(e), which governs in forma pauperis proceedings, the court has a mandatory duty to screen initial filings. Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656-57 (4th Cir. 2006). The court must dismiss a case "at any time" if the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

The standards for reviewing a complaint for dismissal under § 1915(e)(2)(B)(ii) are the same as those which apply when a defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003). Thus, in reviewing a complaint under this statute, the court must accept all well-pleaded factual allegations as true and view the complaint in the light most favorable to the plaintiff. Philips, 572 F.3d at 180. To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

## Discussion

Liberally construed, Wimer's complaint seeks injunctive relief under Title II of the ADA, which provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by any such entity."* 42 U.S.C. § 12132. For the

---

* "Title II of the ADA was expressly modeled after § 504 of the Rehabilitation Act," Duvall v. Kitsap, 260 F.3d 1124, 1135 (9th Cir. 2001), which Wimer also cites in his motion for injunctive relief. To the extent that Wimer's written submissions could be construed to assert a claim for injunctive relief under § 504 of the Rehabilitation Act, 29 U.S.C. § 794, such claim fails for the same reasons set forth below.

3

following reasons, the court concludes that the complaint fails to state a plausible claim for injunctive relief against the named defendants.

First, even assuming that Wimer was subjected to unlawful discrimination, he has not alleged sufficient facts to establish that he has standing to seek injunctive relief under the ADA. Because injunctions regulate future conduct, a party has standing to sue for injunctive relief only when there is a "real or immediate threat" that the party will suffer an injury in the future. City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983). Such an injury must be "imminent." Gratz v. Bollinger, 539 U.S. 244, 284 (2003) ("To seek forward-looking, injunctive relief, petitioners must show that they face an imminent threat of future injury."); O'Shea v. Littleton, 414 U.S. 488, 495–96 (1974) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects."). "Although imminence is concededly a somewhat elastic concept, it cannot be stretched beyond its purpose, which is to ensure that the alleged injury is not too speculative for Article III purposes -- that the injury is certainly impending." Lujan v. Defenders of Wildlife, 504 U.S. 555, 564 n.2 (2002) (emphasis in original) (citation and internal quotation marks omitted).

In the instant case, the plaintiff fails to allege any real or immediate threat of future discrimination. Instead, Wimer's complaint merely describes past occasions on which requested accommodations for his learning disability were denied, each of which occurred in connection with the two traffic infractions in Culpeper County. Court records indicate that the proceedings arising from those infractions have come to an end. Wimer does not allege that he is a party to any other proceedings before the General District Court, the Circuit Court, or the Court of Appeals; that he will be appearing in any of those state courts in the future; "or that the defendants would still deny [him] access to [requested accommodations] because of [his] disability."

4

Thomas v. The Salvation Army S. Terr., 841 F.3d 632, 638 (4th Cir. 2016) (affirming the sua sponte dismissal of the plaintiff's claim for lack of standing); see also Updike v. Multnomah Cty., 870 F.3d 939, 948 (9th Cir. 2017) (holding that a deaf plaintiff lacked standing to pursue his claims for injunctive relief under Title II of the ADA and § 504 of the Rehabilitation Act where the plaintiff offered "no more than speculation and conjecture" as to whether he was likely to appear in court again as a pretrial detainee or be wronged again by way of the state's failure to provide a sign language interpreter); Shotz v. Cates, 256 F.3d 1077, 1081–82 (11th Cir. 2001) (holding that plaintiffs with alleged physical disabilities did not have standing to seek injunctive relief under Title II of the ADA where there was no allegation that they intended to return to the courthouse in the future). In the absence of any plausible threat of future harm, the court is unable to conclude that Wimer has standing to pursue a claim for injunctive relief under the ADA. Thomas, 841 F.3d at 638.

Second, only public entities are subject to the provisions of Title II of the ADA. See 42 U.S.C. § 12132; see also City & Cty. of San Francisco v. Sheehan, 135 S. Ct. 1765, 1773 (2015) ("Only public entities are subject to Title II."). The term "public entity," as it is defined within the statute, does not include individuals. See 42 U.S.C. § 12131(1). Consequently, "no individual, including a state court judge, may be held liable under Title II of the ADA." Smith v. Glanz, 662 F. App'x 595, 597 (10th Cir. 2016); see also Barnes v. Young, 565 F. App'x 272, 273 (4th Cir. 2014) (noting that Title II does not provide for individual capacity suits against state officials); M.K. v. Sergi, 554 F. Supp. 2d 175, 194 n.11 (D. Conn. 2008) (emphasizing that there is "substantial authority . . . supporting the proposition that there is no individual liability under Section 504 of the Rehabilitation Act or Title II of the ADA"). The court therefore concludes that
5

any claims against the judges or court employees in their individual capacities are also subject to dismissal on this ground.

## Conclusion

For the reasons stated, the court will grant the plaintiff's motion for leave to proceed in forma pauperis. However, his complaint will be dismissed without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

DATED: This 17th day of January, 2019.

Senior United States District Judge